UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRIFFIN,

    Plaintiff,

v.

Case No. 1:09-CV-1126

HON. GORDON J. QUIST

CITY OF STURGIS,

    Defendant.
                                            /

## OPINION

Plaintiff, Gregory Griffin ("Griffin"), has filed a one-count complaint against Defendant, the City of Sturgis (the "City"), alleging that it violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, by declining to interview him for a Waste Water Operator position and hiring two younger individuals, ages 24 and 30. The City has filed a motion to dismiss as well as a motion to set aside default. For the reasons set forth below, the Court will grant the City's motion to set aside the default but deny its motion to dismiss.

### BACKGROUND

Griffin is 60 years old. On March 21, 2008, Griffin applied with the City for a Waste Water Operator position. Prior to that time Griffin had 22 years of experience as a foreman for a California waste water plant. The City did not interview Griffin for the position. Instead, the City interviewed and hired two younger individuals, a 24-year-old male and a 30-year-old female. The City declined to interview Griffin because he does not have a high school diploma, which is a requirement for the job. Griffin alleges the City's real reason for not interviewing him was his age.

Griffin filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter on September 14, 2009. Griffin filed his complaint

in this case on December 14, 2009. On January 31, 2010, Griffin's counsel filed a request for entry of default along with an affidavit stating that: (1) the summons and complaint was served on Roger Bird, the City's attorney, by regular United States mail; (2) the City had failed to plead or defend in accordance with Rule 12 of the Federal Rules of Civil Procedure; and (3) the City is not an infant, incompetent person, or a member of the military service. (Docket No. 3.) On February 8, 2010, the Clerk entered a default against the City. On February 10, 2010, the City's counsel filed an acknowledgment of service of the summons and complaint.

The City filed the instant motion to dismiss on February 23, 2010. Griffin filed a response arguing, among other things, that the City's default status precludes it from filing a motion to dismiss until the default is set aside. In response, on March 16, 2010, the City moved to set aside the default.[1]

## DISCUSSION

### *Motion to Set Aside Default*

Pursuant to Rule 55© of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." The decision to set aside a default is a matter committed to the district court's discretion. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2004). A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55© to grant a defendant relief from a default entry." *Id.* at 353. In deciding a motion to set aside a clerk's entry of default, a court should consider three factors, whether: "(1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default." *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001)

---

[1] Griffin did not respond to the motion to set aside default within the time permitted by Local Rule 7.3(c). In fact, Griffin filed a late response on June 27, 2010, almost three months after it was due.

2

(citing, among others, *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). "Although these are the same factors considered by a court in deciding whether to set aside a default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts." *Id.* (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193-94 (6th Cir. 1986)). Moreover, a district court abuses its discretion by failing to set aside a default when the first two factors weigh in favor of setting the default aside. *Id.*

The first two factors weigh in favor of setting aside the default. There is no indication that Griffin will be prejudiced if the default is set aside. In fact, any delay in the case is insignificant. Moreover, Griffin does not argue that he will be prejudiced in any manner. In addition, the City has demonstrated that it has a meritorious defense, namely, that Griffin cannot establish a prima facie case of discrimination because he admits in his complaint that he was not "otherwise qualified" for the position. The measure of a meritorious defense is not "likelihood of success." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Instead, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* The City's defense, which would preclude liability if proven, meets this standard.

The final issue is whether the City's culpable conduct led to the default. It did not. As the City notes in its motion, service of the summons and complaint by mail was not proper service under Rule 4(j)(2) of the Federal Rules of Civil Procedure. Griffin's reliance upon Rule 5(b) of the Federal Rules of Civil Procedure and the cases he cites for the proposition that the Federal Rules of Civil Procedure authorize service of the summons and complaint by regular mail is misplaced. Rule 4, specifically, Rule 4(j)(2) in this instance, governs service of the summons and complaint. Rule 5 pertains to service of pleadings, papers, and other documents after a defendant has been served

3

with the summons and complaint. Fed. R. Civ. P. 4(j)(2) (stating that service upon a municipal corporation is accomplished by "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant"); *Trustees of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1064 (D. Minn. 2007) ("Rule 4 requires a more reliable – and, for the server, a more expensive and less convenient – form of service than Rule 5, which applies to the service of all papers after the summons and complaint."); *Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992) ("By its terms, Rule 5 applies only to a 'pleading *subsequent to the original complaint*,' . . . and does not serve to alter or eliminate the requirements related to service of the summons and complaint under Rule 4." (citation omitted) (emphasis in original)). *See also McGee v. Schoolcraft Cmty. Coll.*, 167 F. App'x 429, 434 (6th Cir. 2006) (approving the district court's "sound" conclusion that although the plaintiff's method of delivery of the summons and complaint complied with Rule 5, "service of the summons and complaint is governed by the more stringent standards of Rule 4").

Rule 4(j)(2)(A) specifies that service upon a municipal corporation such as the City may be accomplished by "delivering a copy of the summons and of the complaint to its chief executive officer." This requires personal service. *Hahn v. Bauer*, No. 09-222- (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010) ("Under Rule 4(j)(2), 'delivery' means personal service on the chief executive officer and does not allow service by mail." (citing *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983))). Alternatively, Rule 4(j)(2)(B) allows for service "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Pursuant to M.C.R. 2.105(G)(2), service may be made upon a city by "serving a summons and a copy of the complaint on . . . the mayor, the city clerk, or the city attorney of a city."

4

M.C.R. 2.105(G) also provides that "service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." There is no indication in the text of the rule that the Michigan Supreme Court intended the term "serving" to include mailing. As one federal district court has reasoned in analyzing service under M.C.R. 2.105©, which provides for service on partnerships and also allows service by registered mail, the fact that the Michigan Supreme Court drew a distinction between "serving" a summons and complaint and sending a copy by "registered mail" indicates that it did not intend the term "serving" to be synonymous with "mailing." *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909, at *3-4 (E.D. Mich. Jan. 11, 2007). Griffin has not cited any authority, nor even offered any argument, to the contrary.

Given that Griffin failed to properly serve the City and that the City promptly responded to the complaint by filing a motion to dismiss, the Court finds no basis to conclude that the City's culpable conduct led to the default. Griffin's assertions that the City's litigation counsel received the summons and complaint from the City Attorney and was aware of the lawsuit are irrelevant because "neither actual notice nor substantial compliance is sufficient to satisfy the requirements of Rule 4." *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Finally, under these circumstances, where the defendant was not properly served with the summons and complaint and the plaintiff also failed to serve the request for the clerk's entry of default, "the entry of default should be set aside, regardless of the three-factor analysis." *Mosley v. Faurecia Auto. Seating, Inc.*, No. 08-10130, 2008 WL 1925051, at *3 (E.D. Mich. May 1, 2008).

*Motion to Dismiss*

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In order to establish a prima facie case of age discrimination, a plaintiff must show that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was rejected and someone outside the class was selected. *Harris v. Metro. Gov't of Nashville & Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010). Although the City concedes that Griffin alleges the first, second, and fourth elements of a prima facie case, it points out that Griffin admits that he was not

"otherwise qualified" for the position because he lacked a high school diploma or the equivalent, one of the stated minimum job qualifications. The City further argues that Griffin's allegation that the City "selectively used education as a minimum job qualification without establishing that education is a [bona fide occupational qualification]," (Compl. ¶ 13), is legally incorrect because the bona fide occupational qualification, or BFOQ, defense is a limited, statutorily-created defense that allows employers to make an employment decision explicitly on the basis of a protected characteristic, such as religion, sex, national origin or age, so long as the employer can show that the discriminatory qualification is necessary to the job and the conduct of its business. The City points out that education does not qualify for the BFOQ defense, thus, it need not show that the education job requirement is reasonably necessary to the normal operation of its business.

The City's argument has *some* merit to the extent it alleges that Griffin was not qualified for the position because he lacked the required high school diploma or the equivalent. In determining whether a plaintiff was qualified for a position for purposes of a prima facie case of discrimination, courts consider "objective qualifications, such as . . . education, experience in the relevant industry, and possession of the general skills required for t[he] position." *Kulik v. Med. Imaging Res., Inc.*, 325 F. App'x 413, 414 (6th Cir. 2009) (citing *Wexler v White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc)). Griffin admits that he did not possess a high school diploma or the equivalent, which was a listed minimum job requirement. The City is also correct that education is not a BFOQ. In the context of age – the basis for Griffin's discrimination claim – the ADEA provides: "It shall not be unlawful for an employer . . . to take any action otherwise prohibited . . . where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business . . . ." 29 U.S.C. § 623(f)(1). Nothing in the ADEA suggests that education, or any characteristic other than age, can qualify as a BFOQ. This makes sense, of course,

because no law prohibits discrimination based upon education. Griffin does not argue otherwise. Thus, the City is not required to show that the educational requirement is a BFOQ.

Griffin responds that even though he did not meet all of the minimum job requirements, the City's argument overlooks Griffin's allegations that the City subjected him to disparate treatment by applying the minimum job qualifications in a discriminatory manner. For example, in paragraph 15, Griffin alleges that "[n]either Possi nor Wood possess [sic] the minimum experience requirements yet were given the job. Wood cooked and watched animals. Possi worked in a machine shop." In paragraph 16, Griffin alleges: "Plaintiff was the only applicant that held a class 'D' license. In fact of the 30 employees in the Waste Management department it is believed that numerous individuals do not have either the class 'D' license or Haswoper license." Finally, in paragraph 17, Griffin alleges: "The defendant has not selected a valid Michigan drivers license as a minimum job qualification since Possi has a OUIL on his license and the license may be suspended or restricted." In other words, Griffin alleges that the City applied its job qualifications in a discriminatory manner by enforcing them against him but not against younger applicants. If supported by evidence, these allegations would be sufficient to show unlawful discrimination.

The City did not file a reply brief addressing this argument. Moreover, given that the City's motion is brought under Rule 12(b)(6), the Court must construe Griffin's complaint in the light most favorable to him and accept his well-pled factual allegations as true. *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008). At this juncture the Court concludes that Griffin's allegations are sufficient to state a claim and that Griffin should be allowed the opportunity to support his factual allegations with evidence. Thus, the Court will deny the motion to dismiss.

## Conclusion

For the foregoing reasons, the Court will grant the City's motion to set aside default and deny the City's motion to dismiss.

An Order Consistent with this Opinion will be entered.


Dated: July 6, 2010                                         /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE