UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRIFFIN,

    Plaintiff,

v.

    Case No. 1:09-CV-1126

    HON. GORDON J. QUIST

CITY OF STURGIS,

    Defendant.
    _____/

## OPINION

Plaintiff, Gregory Griffin ("Griffin"), has sued Defendant, the City of Sturgis (the "City"), alleging that it violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, when it declined to interview him for a Wastewater Operator II position and instead hired two younger individuals. The City has now moved for summary judgment. For the reasons set forth below, the Court will grant the City's motion and dismiss Griffin's complaint with prejudice.

### BACKGROUND

On March 21, 2008, Griffin submitted an employment application to the City for a Wastewater Operator II position. The requirements for the position included: (1) "Education: Equivalent of high school graduation with courses in mathematics or chemistry. Prefer some skilled mechanical and/or electrical training."; (2) "Experience: One year of mechanical or laboratory or closely related experience." and (3) "Other Requirements: Possession of a Class 'D' Operators Licence from the State of Michigan. Possession of a valid Michigan Vehicle Operators License. . . ." (Fenner Aff. Ex. 1.)

Griffin was 59 years old when he submitted his application. He also had 22 years of experience working for a refinery as a foreman at its wastewater and steam plants.[1] It is undisputed, however, that Griffin did not have a high school diploma, nor did he have a General Education Diploma ("GED") – the equivalent of a high school diploma.

The City did not interview Griffin because he lacked a high school diploma or a GED. Instead, the City interviewed and hired two younger individuals: Jeffrey Possi, a 24-year-old male, and Jessica Wood, a 30-year-old female. Griffin alleges the City's real reason for not interviewing him was his age.

On July 6, 2010, the Court entered an Opinion and Order granting the City's motion to set aside the default and denying the City's motion to dismiss. In its motion to dismiss, the City argued that Griffin's complaint was subject to dismissal because Griffin cannot establish a prima facie case of age discrimination. In particular, the City argued that because Griffin admitted that he lacked a high school diploma or the equivalent, he cannot establish that he was "otherwise qualified" for the job. In denying the motion, the Court noted that Griffin did not meet the minimum job requirement of a high school diploma or the equivalent and it rejected Griffin's assertion that education is a bona fide occupational qualification. The Court denied the motion, however, because it concluded that Griffin's allegation that the City applied its minimum job requirements in a discriminatory manner in favor of younger applicants merited factual development.

The City now moves for summary judgment, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

---

[1] Griffin alleges in his complaint that he is 60 years old, but based upon statements in his response to the City's motion, it appears that he was 59 years old when he applied for the Wastewater Operator position with the City.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## DISCUSSION

Under the familiar *McDonnell Douglas/Burdine* burden-shifting framework, a plaintiff alleging a claim of age discrimination has the initial burden of establishing a prima facie case by showing that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was rejected and someone outside the class was selected.[2] *Harris v. Metro. Gov't of Nashville & Davidson Cnty.*, 594 F.3d 476, 485 (6th Cir. 2010). If the plaintiff satisfies his initial burden, the burden of production shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). If the employer meets this burden, the burden of production shifts back to the plaintiff to show that

---

[2] The Court analyzes Griffin's discrimination claim using the framework for circumstantial evidence because Griffin has not presented direct evidence of age discrimination.

the employer's reason was merely pretext for age discrimination. *Id.* At all times, "the burden of persuasion remains on ADEA plaintiffs to demonstrate 'that age was the "but-for" cause of their employer's adverse action.'" *Geiger v. Tower Auto.*, 579 F.32d 614, 620 (6th Cir. 2009) (quoting *Gross v. FBL Fin. Servs., Inc.*, __U.S. __, 129 S. Ct. 2343, 2351 n.4 (2009)).

To refute the employer's proffered reason for the adverse employment action, "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, __ U.S. __, 129 S. Ct. 2343, 2352 (2009). A plaintiff may demonstrate pretext by introducing evidence that the employer's proffered reasons: (1) had no basis in fact; (2) did not actually motivate the employer's action; or (3) were insufficient to motivate the employer's action. *Id.* at 1084. Moreover, a plaintiff must show not only that the proffered reason was pretext, but also that discrimination was the real reason for the employment decision. *Harris*, 594 F.3d at 486.

The City argues that Griffin cannot establish a prima facie case of discrimination because he did not possess a high school diploma or GED and thus was not qualified for the position. In *Wexler v. White's Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003) – a case in which the employer alleged, and the plaintiff disputed, that the plaintiff's performance rendered him unqualified for the position – the Sixth Circuit held that courts should not consider the employer's proffered nondiscriminatory reason in analyzing the plaintiff's prima facie case. *Id.* at 574. Instead, the court explained:

> At the prima facie stage, a court should focus on a plaintiff's *objective* qualifications to determine whether he or she is qualified for the relevant job. The prima facie burden of showing that a plaintiff is qualified can therefore be met by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field. Although the specific qualifications will vary depending on the job in question, the inquiry should

4

> focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills.

*Id.* at 575-76 (citations omitted).

Griffin contends that under *Wexler*, the Court need only consider his 22 or 23 years of experience in the field in determining whether he was qualified for the position. Griffin also suggests that the Court may conclude that he was qualified for the position based solely upon his experience, because the City has failed to explain why a high school diploma is a minimum job qualification for a wastewater operator position. Finally, Griffin asserts that after he applied for the position, the City changed the hiring requirement from a high school diploma or its equivalent to a high school diploma.

First, the Court does not read *Wexler* as allowing a court to disregard an employer's objective hiring criteria in determining whether a plaintiff was qualified for the position. While *Wexler* instructs courts to focus on the plaintiff's objective qualifications to determine whether a plaintiff is qualified, it does not allow a court to ignore an employer's objective criteria, even if it questions their relevance or necessity to the position. Thus, the Sixth Circuit has observed that "[q]uestioning [an employer's] hiring criteria is not within the province of this court, even if the [employer's] hiring process was entirely subjective." *Browning v. Dep't of the Army*, 436 F.3d 692, 698 (6th Cir. 2006). *Accord Jackson v. Gonzales*, 496 F.3d 703, 708-09 (D.C. Cir. 2007) ("We have said that courts must not second-guess an employer's initial choice of appropriate qualifications; rather the courts 'defer to the [employer's] decision of what nondiscriminatory qualities it will seek' in filling a position." (quoting *Stewart v. Ashcroft*, 352 F.3d 422, 429 (D.C. Cir. 2003)). Second, except for an adverse disparate impact situation, *see Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S. Ct. 849 (1971), which this case does not present, the City has no obligation to justify its reasons for requiring a high school

5

diploma or its educational equivalent. There is nothing to show, in this age discrimination case, that the requirement of a high school diploma would have any disparate impact upon someone Griffin's age. The Court has already rejected Griffin's suggestion that education is a bona fide occupational requirement for which the City must demonstrate a necessity. Finally, although the City did change the wording of the requirement from "[e]quivalent of a high school graduation" to "high school diploma or GED," and later, to "high school diploma," all after Griffin submitted his application, (Pl.'s Resp. to Def.'s Mot. for Summ. J. Exs. 6 and 7), there is no dispute that the City has always required either a high school diploma or a GED, neither of which Griffin possessed.

Since Griffin did not meet one of the objective hiring criteria, he must show that the City applied its hiring criteria discriminatorily against older applicants. *See Francois v. Office of Mental Health of the State of N.Y.*, 715 F. Supp. 69, 73-74 (S.D.N.Y. 1989) (holding that a black plaintiff who was not qualified under a state office's promotion policy was required to show that the policy was applied in a discriminatory manner against blacks); *cf. Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 268 (3d Cir. 2005) (holding that once the defendant hired the plaintiff knowing that she did not possess the required degree in social work and experience as a caseworker, and thereafter promoted her, it could not argue that the plaintiff was unqualified for the job).

Griffin argues, as he did in response to the City's motion to dismiss, that the City discriminated in applying its hiring criteria because neither Possi nor Wood possessed the required one year of mechanical or laboratory-related experience. However, Griffin relies solely upon Possi's and Wood's applications as support for his argument. In support of its motion, the City has submitted an affidavit from Jeannette Fenner, the Wastewater/IT Director for the City, which includes as exhibits both Possi's and Wood's resumes. Regarding Possi, Fenner states that he had

an Associates' Degree from Bay De Noc Community College in Water Resource Management and had experience working in the field of wastewater management at Water and Wastewater Co-Op in Gladstone, Michigan. (Fenner Aff. ¶ 10.) Regarding Wood, Fenner states that she had an Associates' Degree in Computer Science from Glen Oaks Community College and mechanical experience in equipment repair from her job at Krontz General Machine & Tool in Sturgis, Michigan. (*Id* ¶ 11.) In addition, the Court notes from Possi's resume that he had more than one year of mechanical experience while working for Walechka Inc. Thus, the City has shown that Possi and Wood met the experience requirement.

Griffin also argues that Possi did not possess a valid drivers license. He supports this argument with a copy of the drivers license Possi submitted with his application on June 28, 2008. The drivers license indicates that it expired on June 18, 2008. From this evidence, Griffin asserts that it may be inferred that the City waived the requirement that Possi possess a valid drivers license. Griffin's argument fails, however, because it is based entirely upon speculation. In response to the City's motion, Griffin could have obtained and presented certified copies of records from the Secretary of State showing that Possi did not have a valid drivers license, but he failed to do so. A copy of an expired license proves nothing, because it is entirely possible that Possi renewed his license by the time he was interviewed or hired. It takes the State of Michigan a couple of weeks to deliver a new license, and in the meantime a driver can use the old license with a statement attached.

Even if the Court were to conclude that Griffin was qualified for the position, the City would still be entitled to summary judgment because Griffin has failed to show that the City's reason for not interviewing and hiring Griffin was pretext. Griffin argues that the fact that the City altered the hiring criteria twice after he applied for the position on March 21, 2008, casts suspicion on the City's

legitimate reason. As the Court understands it, Griffin's argument relates to the Class "D" Operators License Requirement. At the time Griffin applied for the position, a Class "D" License was a requirement. On or about April 28, 2008, the City altered this requirement to provide: "possess a State of Michigan class 'D' certification in wastewater treatment operations, or ability to obtain within two (2) years of hire." (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 6.) A subsequent advertisement for the position on May 9, 2008, stated: "Interested candidates must have a valid driver's license, high school diploma, the ability to obtain a 40 hr Hazwoper certificate. Candidates with Class D license preferred." (*Id.* Ex. 7.) Griffin states that of the three applicants, he was the only one with sufficient prior experience to test for the Class "D" License but lacked the educational requirement of a high school diploma to take the test. (Pl.'s Supplemental Resp., docket No. 37, Page ID #222.) Griffin argues that "Defendant gave both Ms. Wood and Mr. Possi time after the date of hire to obtain the necessary job experience . . . so that each could test for the Class D License . . . [but] Defendant did not allow the plaintiff the same time period (one year) given to the two younger applicants Wood and Possi to obtain his GED." (*Id.* at 5.)

Griffin's argument fails because to the extent it can be said that the City changed the job requirements, it did so before Wood or Possi even applied for the position. The last change occurred on May 9, 2008, but Wood did not submit her application until May 15, 2008, and Possi submitted his application more than a month later, on June 28, 2008. Thus, Griffin's assertion that the City altered its job requirements for younger employees but not for him is contrary to his own evidence.

Finally, Griffin asserts that two EEOC internal witness statements, one by Frank Perez, the City's Human Resource Director, and the other by Douglas Hill, an Environmental Quality Analyst with the State of Michigan, suffice to establish pretext. That is, Griffin suggests that Hill's statement

shows Perez' statement to be false. Assuming the statements are even admissible, they fail to show what Griffin claims. In his statement, Perez said that he was "not aware of anyone being hired who does not have a high school diploma." (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 2.) Hill did not assert otherwise. Rather, his comments concerned who was required to have a Class "D" License. He said nothing about a high school diploma. (*Id.* Ex. 3.) Thus, Perez' statement was not contradicted by that of Hill.

## CONCLUSION

For the foregoing reasons, the Court will grant the City's motion for summary judgment and dismiss Griffin's complaint with prejudice.

An Order Consistent with this Opinion will be entered.


Dated: April 6, 2011                        /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE